IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LANDON THOMAS,** : | CIVIL ACTION NO. 1:22-CV-1958 |
| **Plaintiff** : | (Judge Conner) |
| v. : | |
| **COUNTY GOVERNMENT OF** : | |
| **DAUPHIN COUNTY,** *et al.*, : | |
| **Defendants** : | |

## MEMORANDUM

Before the court is the report of Magistrate Judge Martin C. Carlson issued following screening review of *pro se* plaintiff Landon Thomas's complaint, and Thomas's objections thereto. For the reasons that follow, we will adopt the report with clarification and overrule Thomas's objection.

**I.   Background**

Thomas initiated the instant lawsuit with the filing of a complaint on December 12, 2022. The allegations therein arise from Thomas's prosecution and conviction for bank robbery in state court in Pennsylvania. Judge Carlson screened Thomas's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and issued a report recommending the complaint be dismissed with prejudice, as amendment would be futile. Thomas timely objected to the report.

## II. Legal Standard

When a party objects to a magistrate judge's report and recommendation, the district court undertakes *de novo* review of the contested portions of the report. See E.E.O.C. v. City of Long Branch, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)); see also FED. R. CIV. P. 72(b)(3). We afford "reasoned consideration" to any uncontested portions of the report before adopting them as the decision of the court. City of Long Branch, 866 F.3d at 100 (quoting Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987)).

## III. Discussion

Following *de novo* review of the contested portions of the report, see City of Long Branch, 866 F.3d at 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)), and affording "reasoned consideration" to the uncontested portions, see id. (quoting Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987)), we find Judge Carlson's analysis to be well-reasoned and supported by applicable law, with one clarification. In addition to concluding that Thomas's malicious-prosecution claim is barred by the United States Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994), because the underlying criminal proceeding has not terminated in Thomas's favor, the report concludes the claim is time-barred because Thomas did not file it within two years of his conviction being affirmed in October 2017. (See Doc. 12 at 13). The Supreme Court has explained, however, that a malicious-prosecution claim does not accrue, and therefore the statute of limitations for such a claim does not begin to run, until "the criminal proceeding has ended in the defendant's favor, or the resulting conviction has been invalidated within the meaning of Heck." See

2

McDonough v. Smith, 588 U.S. ___, 139 S. Ct. 2149, 2158 (2019) (citing Heck, 512 U.S. at 486-87)); see, e.g., Bressi v. Brennen, 823 F. App'x 116, 119 (3d Cir. 2020) (nonprecedential) (finding district court erred in dismissing malicious-prosecution claim with prejudice as time-barred when underlying conviction had not been invalidated). We therefore decline to adopt the report to the extent it concludes Thomas's malicious-prosecution claim is time-barred in addition to being Heck-barred, but otherwise adopt the report's analysis in full as to this claim.[1]

Thomas also asserts the report erred by failing to consider his claim brought under Title II of the Americans with Disabilities Act ("ADA"). (See Doc. 13 at 1, 3). Thomas's complaint cites generally to the ADA in its jurisdictional paragraph and in other passing references, (see Doc. 1 ¶¶ 1, 43, 47, 56), although his "legal claims" focus almost exclusively on alleged constitutional violations and it is not otherwise clear from the pleading he is attempting to raise an ADA claim, (see id. ¶¶ 40-56). In any event, Thomas's ostensible ADA claim, even if properly pled, *would* be time-barred. A claim under Title II of the ADA is subject to Pennsylvania's two-year statute of limitations for personal-injury actions, and it accrues "when the plaintiff discovers, or with due diligence should have discovered, the injury that forms the basis for the claim." Disabled in Action Pa. v. SEPTA, 539 F.3d 199, 208-09 (3d Cir.

---

[1] In his objection, Thomas agrees with the report's Heck analysis but asks the court to stay the case (rather than dismiss it) pending resolution of post-conviction proceedings. (See Doc. 13 at 4-5). Because Thomas's malicious-prosecution claim has not yet accrued and will not accrue unless he prevails in his post-conviction proceedings, we instead dismiss his claim without prejudice. See Bressi, 823 F. App'x at 119.

3

2008). Thomas explains it is the state court's alleged statement during "the 2/17/15 suppression hearing . . . that it believed plaintiff's disability of a panic attack at the 2/5/15 proceeding was faked or contrived" which forms the basis of his ADA claim. (See Doc. 13 at 3). Under the applicable law, the statute of limitations for that claim expired on February 17, 2017—nearly six years before Thomas commenced the instant lawsuit. We therefore conclude leave to amend to plead this time-barred ADA claim would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

## IV. Conclusion

For the reasons set forth herein, we will adopt in part Judge Carlson's report and dismiss Thomas's complaint without prejudice to his right to refile his malicious-prosecution claim in the event the underlying state-court proceeding terminates in his favor. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:     February 21, 2023